IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BEVERLY VILLAFANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 06-0684-WS-B |
| ) | |
| AUTO-OWNERS INSURANCE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the motion of defendant Catastrophe Specialists, Inc. ("Catastrophe") to dismiss or, alternatively, to quash service. (Doc. 9). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 9, 17, 18), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted in part and denied in part.

Suit was filed in Baldwin County and removed by defendant Auto-Owners Insurance. Prior to removal, the plaintiff purported to serve Catastrophe with process by a certified mailing to Angelo and Donna Cassanese of Merritt Island, Florida.[1] Angelo is the adjuster who inspected the plaintiff's home in connection with her claim for insurance benefits in the wake of Hurricane Ivan. (Doc. 17 at 3). The plaintiff insists she obtained good service because Angelo is a "managing agent" of Catastrophe within the contemplation of Alabama Rule of Civil Procedure 4(c)(6). Catastrophe agrees that Rule 4(c)(6) controls but denies that Angelo is a managing agent under that rule.

Catastrophe's motion is brought pursuant to Federal Rule of Civil Procedure

---

[1] While the plaintiff has submitted a "notice of service" from the Baldwin County clerk of court, (Doc. 17, Exhibit A), neither side has presented evidence of the recipient of such service. Because the parties treat Angelo as the critical recipient, the Court does likewise.

12(b)(5).  "[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity."  *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).  Thus, the burden is on the plaintiff to show that Angelo is a managing agent of Catastrophe.

"[I]f the defendant introduces uncontroverted affidavits in support of a motion to quash service, the content of those affidavits will be deemed admitted for purposes of the motion."  5B C. Wright & A. Miller, Federal Practice and Procedure § 1353 at 343-44 (3d ed. 2004).  Here, Catastrophe has submitted the affidavit of its president, who affirms that an attached document reflects the current agreement between Catastrophe and Cassanese Claims Service, LLC ("CCS").  (Doc. 18, Exhibit 1).  The agreement authorizes CCS to "adjust and/or appraise insurance claims" for Catastrophe as an independent contractor, but it requires CCS to do so "in accordance with the requirements of [Catastrophe's] insurance company customers."  (*Id*., Exhibit A).  The plaintiff has not controverted this evidence, so it stands admitted for present purposes.[2]

Rule 4(c)(6) was amended to allow service on a managing agent only recently, and Alabama courts have yet to address the scope of the term.  However, the committee comments accompanying the 2004 amendment state that "[t]he intent is to adopt the majority rule of federal caselaw in interpreting the phrase 'managing or general agent.'"  The Court thus turns to that body of jurisprudence.[3]

"A managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control."  *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004); *accord Grammenos v. Lemos*, 457 F.2d 1067, 1073 (2nd Cir. 1972); 1

---

[2]Although a plaintiff may move for leave to conduct discovery relevant to a Rule 12(b)(5) motion, 5B Federal Practice and Procedure, § 1353 at 345, the plaintiff has not done so.

[3]The parties have expended little effort to identify the majority federal position, citing a total of two cases (both involving state rules) and no secondary authorities.  The Court's review of federal law is concededly incomplete, but the parties are in no position to complain.

James Wm. Moore et al., Moore's Federal Practice ¶ 4.53[2][b] (3d ed. 2006); *cf. Jim Fox Enterprises, Inc. v. Air France*, 664 F.2d 63, 64 (5th Cir. 1981) (a managing agent is one "invested with general powers involving the exercise of independent judgment and discretion"). Thus, a sales agent who could not set prices or terms and whose contracts were subject to company approval could not be a managing agent. *Dodco, Inc. v. American Bonding Co.*, 7 F.3d 1387, 1388 (8th Cir. 1993). The plaintiff argues that Angelo meets this test because, she believes, he was empowered to investigate her claim and negotiate its payment. (Doc. 17 at 4-5).

Given CCS's agreement with Catastrophe and Angelo's relation to CCS,[4] he has authority to "adjust and/or appraise" claims for Catastrophe. However, he can do so only "in accordance with the requirements of [Catastrophe's] insurance company customers." There is thus uncontroverted evidence in the record that Angelo's discretion to investigate or resolve claims is limited, shifting to the plaintiff the burden of showing that he retains sufficient discretion to satisfy the test for a managing agent. Because the plaintiff has offered no such evidence, she has failed to meet her burden.[5]

The plaintiff emphasizes that Angelo apparently did forward process to Catastrophe, since Catastrophe is aware of the suit. (Doc. 17 at 4-5 & n.2, 6 & n.3). That notice reached Catastrophe, however, does not show that Angelo is its managing agent. Rather, to be a managing agent, "the individual [must be] *in a position of sufficient responsibility* so that it is reasonable to assume that the person will transmit notice of the commencement of the action to organizational superiors." 4A Federal Practice and Procedure, § 1103 at 573 (emphasis added). As noted above, the plaintiff has not met her burden of showing that Angelo occupied such a position.

---

[4]Catastrophe admits that Angelo was affiliated with CCS. (Doc. 18 at 1-2). The plaintiff does not suggest that Angelo dealt with Catastrophe other than through its agreement with CCS.

[5]The statute to which the plaintiff cites merely defines an adjuster for purposes of regulation by the state. Ala. Code § 27-9-1(a). It does not constitute evidence of what authority Catastrophe or its clients have given Angelo.

Nor does the fact that Catastrophe learned of the action excuse the plaintiff's failure to serve a managing agent. Receipt of actual notice is significant only if "service was in substantial compliance with the formal requirements of the Federal Rules,"[6] and a plaintiff does not substantially comply with the rules if she fails to serve one of the individuals or entities specified therein. *See* 4A Federal Practice and Procedure, § 1103 at 574 (criticizing as "damaging to the rules" an opinion upholding service based only on the likelihood that the defendant would thereby be notified of suit, without a finding that the person served was a managing agent).[7]

Catastrophe requests the Court to dismiss the claims against it but offers no argument or authority in support. The request appears to be premature, since the complaint was filed on or about September 14, 2006, (Doc. 1, ¶ 1), and Federal Rule of Civil Procedure 4(m) "prohibits dismissal for failure to serve process if fewer than 120 days have elapsed since the plaintiff filed [her] complaint." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1342 n.5 (11th Cir. 2005).

Moreover, the decision whether to dismiss or simply quash service is left to the

---

[6]*Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 924 n.14 (11th Cir. 2003).

[7]Contrary to the plaintiff's impression, her position is not advanced by *Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp. 2d 1230 (M.D. Ala. 2005). In *Alfagres*, the plaintiff addressed process to the corporate defendant itself rather than to any of its officers or agents. An individual holding herself out as an employee of the defendant received the process by certified mail and forwarded it to the corporation, which then appeared in the suit. *Id*. at 1234 & n.2, 1238. The Court did not address the plaintiff's apparent failure to serve a managing agent or other individual specified in Rule 4(c)(6); instead, it concluded only that the plaintiff substantially complied with Rule 4(i)(2)(C), which governs the procedure for service by certified mail. *Id*. at 1239. Thus, its statement that "service was in substantial compliance with the Federal and Alabama Rules of Civil Procedure," *id*., extends only to the latter rule. Even could *Alfagres* be construed as blessing a failure to serve anyone described in Rule 4(c)(6), it does not represent the majority federal view as discussed in text, and it is that view this Court is bound to apply.

sound discretion of the trial court,[8] with that discretion skewed against dismissal if there remains "a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly."  5B Federal Practice and Procedure, § 1354 at 348.  Here, Catastrophe's response has identified the name and location of its president, service upon him would constitute service on the defendant pursuant to Rule 4(h)(1), and Catastrophe does not challenge the plaintiff's representation that she now has the tools with which to perfect service.  (Doc. 17 at 6).

For the reasons set forth above, Catastrophe's motion to quash service is **granted** and its motion to dismiss is **denied**.

DONE and ORDERED this 29th day of December, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[8] 5B Federal Practice and Procedure, § 1354 at 348; cf. Brown v. Nichols, 8 F.3d 770, 775 (11th Cir. 1993) ("We review the district court's ruling under Rule 4(j) [now 4(m)] for abuse of discretion.").