IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BEVERLY VILLAFANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0684-WS-B |
| | ) |
| AUTO-OWNERS INSURANCE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's objection to, and appeal from, Magistrate Judge Bivins' ruling of May 16, 2007, (Doc. 39), to the extent that ruling precludes the plaintiff from offering the expert testimony, as a sanction for discovery abuses.  (Doc. 43).

The plaintiff insists that the Judge Bivins' ruling is contrary to law because it constitutes a dispositive ruling beyond her authority under Federal Rule of Civil Procedure 72(a).  The plaintiff explains that the critical dispute is whether her losses were caused by flood (as the insurer determined) or by wind (a covered peril), that the case comes down to a "battle of experts," and that Judge Bivins' ruling robs her of the ability to show that the losses were from wind, effectively handing victory to the insurer.  The plaintiff offers not a single authority in support of her ipse dixit that Judge Bivins' ruling is impermissibly dispositive.

In fact, as the defendant points out, the weight of authority holds that a magistrate judge's order that excludes a plaintiff's expert from testifying is not a dispositive ruling. *E.g., Circle R, Inc. v. Trail King Industries, Inc*., 1999 WL 33963992 at *1 (D. Neb. 1999); *Ferriso v. Conway Organization*, 1995 WL 580197 at *1 (S.D.N.Y. 1995); *Cook v. Rockwell International Corp*., 147 F.R.D. 237, 243-44 (D. Colo. 1993); *see also Benedict v. Zimmer, Inc*., 232 F.R.D. 305, 313 (N.D. Iowa 2005) (ruling granting plaintiffs leave to file their expert report after the defendant filed a motion for summary judgment was non-dispositive even though, were the ruling reversed, the plaintiffs could

not survive summary judgment).  *Contra Yang v. Brown University*, 149 F.R.D. 440, 443-43 (D.R.I. 1993).  Other authorities, while not involving the exclusion of a plaintiff's expert, agree.  *E.g., Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 179 F.R.D. 450, 456 (D.N.J. 1998) ("I review a magistrate judge's evidentiary determinations regarding expert testimony, even where they may ultimately affect the outcome of a claim or defense, as non-dispositive orders entered pursuant to 28 U.S.C. § 636(b)(1)(A).").  The reasoning supporting this view was well expressed in *Jesselson v. Outlet Associates Limited Partnership*, 784 F. Supp. 1223 (E.D. Va. 1991):

> It is true that, as in this case, the exclusion of certain evidence can substantially effect [sic] a party's ability to present its case.  The 'dispositive' nature of Plaintiffs' case is simply a function of the case itself.  It only appears dispositive because Plaintiffs do not have any additional admissible evidence to present.  Plaintiffs have based their case on evidence that the Magistrate Judge found inadmissible and now, according to their own statements, have no evidence by which to prove their case and cannot expect to prevail.  This does not mean, however, that Plaintiffs are barred from continuing with the action.  Magistrate did not reach the merits of Plaintiff's case, but merely made evidentiary rulings without regard to the effect of the rulings on the outcome of the litigation.

*Id*. at 1228.  The plaintiff offers, and the Court detects, no reason to depart from this well-worn path.

A magistrate judge's ruling on a nondispositive matter must be upheld unless clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  The plaintiff does not argue that Judge Bivins' order is clearly erroneous, and her only argument that the ruling is contrary to law is the discredited one that it was impermissibly dispositive.

For the reasons set forth above, Judge Bivins' ruling is **affirmed**.


DONE and ORDERED this 22nd day of June, 2007.

                                        s/ WILLIAM H. STEELE
                                        UNITED STATES DISTRICT JUDGE